COVINGTON, Judge.
Gulfcoast Transit Company is appealing the trial court’s order granting summary judgment in favor of Robert Burns. Mr. Burns filed a complaint against Gulfcoast Transit seeking seaman remedies based on work-related injuries he sustained in an accident on August 16, 2000. Gulfcoast Transit and Mr. Burns both filed motions for partial summary judgment with regard to Mr. Burns’ seaman status. The trial court granted Mr. Burns’ motion for summary judgment, finding that he was a seaman at the time of the accident. Because there are genuine issues of material fact in this case, summary judgment was inappropriate. Therefore, we reverse the trial court’s order granting summary judgment in favor of Mr. Burns and remand for further proceedings.
Gulfcoast Transit asserts that Mr. Burns was a harbor worker under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. §§ 901-950 (2000), at the time of the August 16, 2000, accident. Conversely, Mr. Burns argues that he remained a seaman and is therefore entitled to relief under the Jones Act, 46 U.S.C. app. § 688 (2000).
In 1991, Mr. Burns was employed by Gulfcoast Transit to work aboard its vessels as a seaman. On May 22, 2000, he was involved in an accident that is not directly at issue in this appeal. However, the May accident is relevant as to whether, after the accident, Mr. Burns returned to work as a seaman or as a harbor worker. In his deposition, Mr. Burns testified that his doctor gave him several work restrictions that prevented him from returning to sea after the May accident. He stated that he believed that Gulfcoast Transit was aware of these restrictions.
Mr. Burns’ deposition testimony indicated that he received a telephone call from a Gulfcoast Transit employee asking him to work as a night watchman aboard the Elle-na Hicks, which was in dock for repair. Mr. Burns agreed and reported to work on August 14, 2000. Mr. Burns stated that he was advised by the captain of the Ellena Hicks that he had been placed on light duty. Further, Mr. Burns stated in his deposition that his essential duties did not change when he returned to work; he testified that he had performed numerous night watches during his tenure with Gulf-coast Transit. Mr. Burns also stated that he was never advised that he had been reassigned as a harbor worker. He alleges that he was injured on August 16, 2000, when he fell while descending a stairway aboard the Ellena Hicks.
Gulfcoast Transit asserts that Mr. Burns was reassigned to light-duty land-based work because of the restrictions his doctor placed on him after the May accident. Specifically, Gulfcoast Transit relies on Mr. Burns’ doctor’s report that indicated that Mr. Burns would never be able to *891 return to active sea duty. However, it is unclear from the record whether Gulfcoast Transit received this report before the August 16, 2000, accident.
Additionally, Gulfcoast Transit submitted the affidavit of Jay Kitchener, a Gulf-coast Transit employee, who stated that Mr. Burns had been reassigned as a light-duty land-based employee. The affidavit provides that Mr. Burns’ essential duties changed and that his reassignment was “indefinite and not temporary.”
The United States Supreme Court has established a two-prong test to determine whether a worker is a sea-based or a land-based employee: (1) the employee’s duties must contribute to the function of a vessel, and (2) the employee must have a connection to a vessel in navigation, or an identifiable group of vessels, that is substantial in terms of both its duration and its nature. Chandris, Inc. v. Latsis, 515 U.S. 347, 360, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995).
Gulfcoast Transit does not dispute that Mr. Burns is able to satisfy the first prong of the Latsis test. The issue in this case concerns the second prong. The Supreme Court has stated that “the inquiry into the nature of the employee’s connection to the vessel must concentrate on whether the employee’s duties take him to sea.” Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 555, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997).
The Supreme Court has also stated that “[i]f reasonable persons, applying the proper legal standard, could differ as to whether the employee was a ‘member of a crew,’ it is a question for the jury.” Latsis, 515 U.S. at 376, 115 S.Ct. 2172 (alteration in original) (citing McDermott Int’l, Inc. v. Wilander, 498 U.S. 337, 356, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991)). “Normally the question of seaman status in a particular case is to be resolved by the fact finder.” Savoie v. Otto Candies, Inc., 692 F.2d 363, 365 (5th Cir.1982) (citing Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957)). Further, the Supreme Court has noted that “[t]he seaman inquiry is a mixed question of law and fact, and it often will be inappropriate to take the question from the jury.” Papai, 520 U.S. at 554, 117 S.Ct. 1535.
Here, there appear to be genuine issues of material fact in dispute. Mr. Burns’ deposition testimony, Mr. Kitchener’s affidavit, and Mr. Burns’ doctor’s report present conflicting facts. The critical issue appears to be whether Mr. Burns was reassigned to light-duty land-based work or whether he was simply a seaman who was on light duty because of his previous injuries. The jury should resolve these factual disputes. Therefore, summary judgment was improper.
We therefore reverse and remand for further proceedings.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.